**Ivan Petkov JELKOV, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71462.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 13, 2004.

---

* This parties have stipulated to submission on   the briefs.

Christopher A. Kerosky, Esq., Kerosky & Bradley, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., Leslie Cayer Ohta, DOJ—U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: O'SCANNLAIN, SILER,** and HAWKINS, Circuit Judges.

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

MEMORANDUM ***

An applicant for asylum may demonstrate eligibility for such relief by showing that he was persecuted in his country of origin, thereby raising a presumption that he has a well-founded fear of future persecution, or by actually demonstrating an independent well-founded fear that is both subjectively genuine and objectively reasonable. See Fisher v. INS, 37 F.3d 1371, 1377 (9th Cir.1994). In either case, the government may introduce evidence demonstrating that circumstances have changed in the petitioner's country of origin such that any presumption or objective evidence of a well-founded fear is overcome. See 8 C.F.R. 208.13(b)(1)(i); Montecino v. INS, 915 F.2d 518, 520 (9th Cir. 1990) (Objective circumstances "must be determined in the political, social and cultural milieu of the place where petitioner lived.").

Even if we assume that Jelkov introduced evidence compelling the conclusion that he had been persecuted in the past "on account of" a protected ground, he has failed to come forward with evidence that overcomes the IJ's findings, supported by substantial evidence in the record, that circumstances have changed in Bulgaria with respect to both ethnic tensions and political persecution. See Rios v. Ashcroft, 287 F.3d 895, 900 (9th Cir.2002). He has also failed to introduce objective evidence of a well-founded fear of future persecution that overcomes this change in circumstances. See, e.g., Acewicz v. U.S. INS, 984 F.2d 1056, 1060–61 (9th Cir.1993).

Jelkov's claim to a fear of future persecution rests on two statutory grounds:

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ethnicity and political opinion. As to his fear of future persecution on the basis of his ethnic background, "[a]lthough [Jelkov's] fear must be based on an individualized rather than generalized risk of persecution, the level of individualized targeting that he must show is inversely related to the degree of persecution directed toward [Turks in Bulgaria] generally." *Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir. 2003). "Thus, the determination whether [Jelkov] has a reasonable fear of future persecution depends on both [Jelkov's] own personal experience and the degree of persecution that face[ ] ethnic [Turks] generally." *Id.* at 1183.

In terms of the degree of persecution of ethnic Turks in Bulgaria generally, times have changed. Specifically, the State Department's country report on Bulgaria notes that the old communist assimilationist policies have been reversed, and that "on-the-ground relations with other Bulgarians are generally harmonious as economic considerations have long since replaced Communist era repression as the driving force on the emigration of Turks." Given that the evidence suggests that the degree of generalized prejudice against ethnic Turks in Bulgaria is not high, and also the fact that Jelkov has made no showing of any individualized prejudice on account of his ethnicity, it is clear that the BIA's decision on this point is supported by substantial evidence.

Substantial evidence also supports the BIA's determination that Jelkov did not have a well-founded fear of future persecution on account of his political opinion. Again, such evidence may be found in the State Department's country report for Bulgaria. The report specifically mentions Podcrepa, and states that this organization has "long since gone mainstream."

For the reasons outlined above, substantial evidence supports the BIA's conclusion that Jelkov's subjectively genuine fear of future persecution if he returns to Bulgaria is not objectively reasonable. Because Jelkov's fear is not objectively reasonable, it is not "well-founded." Because Jelkov's fear is not well-founded, he is not a "refugee" under the statute and is therefore ineligible for asylum.

In the final analysis, it simply cannot be said that the "evidence [Jelkov] presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Jelkov is a sympathetic case, but his case fails as a matter of law.

**PETITION DENIED.**